UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN SACKS | : |
| Plaintiff, | : |
| | : |
| v. | : No. 18-cv-3500 |
| | : |
| | : |
| POLICE CHIEF STEVEN STINSKY; | : |
| POLICE OFFICER THOMAS FOCHT; | : |
| JUSTIN GRUNDOWSKI | : |
| Defendants. | : |
| | : |

**O P I N I O N**
**Defendant Grundowski's Motion to Dismiss Amended Complaint or, In the Alternative,**
**For a More Definite Statement, ECF No. 14—Granted**

**Joseph F. Leeson, Jr.**                                                    **June 18, 2019**
**United States District Judge**

## I.     INTRODUCTION

Plaintiff Brian Sacks filed this action pursuant to 42 U.S.C. § 1983 and Pennsylvania

common law against Defendants Steven Stinsky, Police Chief for the Fleetwood Police

Department; Thomas Focht, a police officer with the Fleetwood Police Department; and Justin

Grundowski, a private citizen. *See* Am. Compl. ¶¶ 1-6, ECF No. 10. Sacks alleges that at all

relevant times, all Defendants were acting in conspiracy and their actions deprived Sacks of his

constitutional and statutory rights. *See* Am. Compl. ¶ 7. The Amended Complaint alleges two

counts: (1) a claim pursuant to 42 U.S.C. § 1983 for violation of Sacks's Fourth and Fourteenth

Amendment rights to be free from false arrest, malicious prosecution, and abuse of process; and

(2) state tort claims for false arrest, malicious prosecution, abuse of process, and intentional

infliction of emotional distress. *See* Am. Compl. ¶¶ 45, 52.

Defendant Grundowski filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Defs.' Mem. Supp. Mot. Dismiss 1, ECF No. 8.  As to Sacks's § 1983 claims, the Court concludes that Sacks has not stated a claim for a civil rights conspiracy against Grundowski.  Moreover, Pennsylvania's judicial privilege precludes Sacks's Pennsylvania tort claims against Grundowski because the claims result from Grundowski's reporting a potential crime to police for investigation. Accordingly, the Court grants Grundowski's motion to dismiss.

## II.     BACKGROUND

The Amended Complaint alleges the following facts. On or about August 19, 2016, at approximately 10:30 p.m., Brian Sacks was at home with his wife, Sherry Sacks.[1] *See* Am. Compl. ¶ 8. Sacks and his wife were arguing and eventually Sacks asked his wife to leave the home. *See id.* at  ¶ 9. Sherry walked down the couple's driveway and dialed 911 because she did not have her purse or keys and could not drive away from the scene. *See id.* at ¶ 10. While Sherry was on the phone with the 911 operator, Grundowski stopped to see if she was safe and remained on the scene, although Sherry informed him that she did not need assistance. *See id.* at ¶¶ 11-13. Shortly thereafter, Sacks left the home to find his wife with the intention of apologizing and asking her to come home. *See id.* at ¶ 14. Sacks then noticed Grundowski's van near the entrance to the driveway. *See id.* at ¶ 15. At this point, Sacks retrieved his legally owned handgun and proceeded towards the van to investigate. *See id.* at ¶ 16. Upon encountering Grundowski, Sacks asked what Grundowski was doing and if he knew where Sherry was. *See id.* at ¶ 17. Grundowski did not provide a reasonable explanation and drove off in his van. *See id.* at ¶ 18.

---

[1]     For clarity, the Court refers to Brian Sacks as "Sacks" and Sherry Sacks as "Sherry."

A little while later, Sacks received a call from Chief Stinsky informing him of a report that the police had received of a domestic dispute between Sacks and his wife and requested that Sacks come to the police station. *See id*. at ¶ 21. Sacks, who had been drinking alcohol, informed Chief Stinsky that he did not believe it was safe for him to drive and Chief Stinsky arranged for Sacks to be picked up from his home and brought to the police station, where Sacks was detained and questioned. *See id*. at ¶¶ 22-24. Both Officer Focht and Chief Stinsky spoke with Sherry, who told them that she had left the home at Sacks's instruction and that she had not been "chased" out of the home. *See id*. at ¶¶ 25-27. Further, Sherry never told Officer Focht that Sacks had threatened Grundowski or anyone else. *See id*. at ¶ 25. Sacks claims that despite a lack of evidence, Chief Stinsky and Officer Focht falsely and maliciously charged Sacks with terroristic threats, simple assault, reckless endangerment, and disorderly conduct. *See id.* ¶¶ 30-32.

Grundowski moves to dismiss all claims against him, arguing that he is not liable under 42 U.S.C. § 1983 because he is not a state actor and that he is not liable for the state tort claims because his statements are protected by Pennsylvania's judicial privilege. *See* Def.'s Mot. 4, ECF 13. With respect to Grundowski, the Amended Complaint asserts only that: (1) Grundowski conspired with the police to violate Sacks's Fourth and Fourteenth Amendment rights in violation of the United States Constitution; and (2) Defendant Grundowski's statements to the police were false and caused Sacks's constitutional rights to be infringed. *See* Am. Compl. ¶¶ 45-46, 52.

## III.    LEGAL STANDARD

In rendering a decision on a motion to dismiss for failure to state a claim, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v.*

*Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the

plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540,

555 (2007)).  However, "the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(explaining that determining whether a complaint states a plausible claim for relief . . . [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to

state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d

Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV.    ANALYSIS

Count One of the Amended Complaint alleges a civil rights claim under 42 U.S.C. §

1983. *See* Am. Compl. ¶¶ 45-46. Section 1983 provides a remedy against any person who, under

the color of law, deprives another of his constitutional rights. *See* 42 U.S.C. § 1983. To prevail

on a § 1983 claim, a plaintiff must prove two distinct elements: (1) violation of a right secured

by the Constitution and laws of the United States; and (2) that the alleged deprivation was

committed by a person acting under the color of state law. *See Mikhail v. Khan*, 991 F. Supp. 2d

596, 641-42 (E.D. Pa. 2014), *aff'd*, No. 14-1144, 2014 U.S. App. LEXIS 12927 (3d Cir. July 9,

2014)). Sacks alleges violations of his Fourth and Fourteenth Amendment rights by Defendants

Grundowski, Stinsky, and Focht. *See* Am. Compl. ¶¶ 45-46. Count Two alleges claims under

Pennsylvania common law for false arrest, malicious prosecution, abuse of process, and

intentional infliction of emotional distress. *See id.* at ¶ 52.

**A. Sacks's § 1983 claim against Grundowski fails to allege a civil rights conspiracy.**

Grundowski moved to dismiss the § 1983 claims against him because he is not a state actor. Mot. 9. In his response, Sacks concedes that Grundowski is not a state actor, but argues that he has alleged a conspiracy to violate constitutional rights sufficient to hold Grundowski liable under § 1983.[2] Pl.'s Resp. 5, ECF 14.

Sacks claims that Grundowski acted in conspiracy with Chief Stinsky and Officer Focht. *See* Am. Compl. ¶ 46. To state a claim for civil conspiracy, a plaintiff must allege: "(1) a conspiracy; (2) for the purposes of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. Of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983). To demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under the color of state law.'" *Parkway Garage Inc*, *v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993). A complaint alleging conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of

---

[2]     Grundowski would not likely be considered a state actor under § 1983. For a private citizen to be considered a state actor based upon joint action with the police, the Third Circuit requires that: (1) the private entity have a pre-arranged plan with the police officers; and (2) the plan provide that the police officers will substitute their judgment with the judgment of the private entity. *See Cahill v. Live Nation*, 512 Fed. App'x 227, 230 (3d Cir. 2013). Here, Sacks does not allege a pre-arranged plan by which Chief Stinsky and Officer Focht agreed to substitute their own judgment with Grundowski's. *See Cruz v. Walmart Super Ctr.*, No. 5:16-cv-03665 2017 U.S. Dist. LEXIS 139221 (E.D. Pa. August 29, 2017) ("Merely calling the police, furnishing information to the police, or communicating with a state official does not rise to the level of joint action necessary to transform a private entity into a state actor.").

the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997).

Sacks's Amended Complaint plainly states that "as a direct and proximate result of Defendant, Justin Grundowski's conduct, acting in conspiracy with Defendants, Stinsky and Focht, Plaintiff, Brian Sacks, suffered violation of his Fourth Amendment and Fourteenth Amendment rights . . . ." *See* Am. Compl. ¶ 44. The Amended Complaint fails to allege specifically how Grundowski conspired with the other Defendants. The Amended Complaint alleges that Chief Stinsky and Officer Focht spoke with each other, as well as with Sherry, before charging Sacks, and that Officer Focht relayed false information to Chief Stinsky. *See* Am. Compl. ¶¶ 25-28. However, none of these allegations involve Grundowski. In fact, Grundowski's involvement in the events alleged in the Amended Complaint concludes when he drives away on the night of the incident. Absent some allegation of Grundowski's actions which would indicate an agreement or understanding among the Defendants, Sacks's conclusory assertion of a conspiracy among Defendants fails to state a claim for a civil rights conspiracy. *See Chambers v. Philadelphia Media Network*, No. 11-6589, 2013 U.S. Dist. LEXIS 130323, at *3 (E.D. Pa. September 12, 2013) (dismissing plaintiff's § 1983 claims because plaintiff's statements were conclusory and lacked any factual content). The Court will dismiss Sacks's § 1983 claim against Grundowski.

**B. Pennsylvania's judicial privilege bars Sacks's tort claims against Grundowski.**

Grundowski moves to dismiss Sacks's Pennsylvania state law claims against him and argues that his statements to police are absolutely privileged under Pennsylvania law. Def.'s Mot. 6. Pennsylvania law recognizes an absolute privilege to statements "in the course of or pertinent to any stage of judicial proceedings" and bars any tort claim based on those statements.

*Pawlowski v. Smorto*, 588 A.2d 36, 41 (Pa. Super. Ct. 1991) (collecting cases). Extending absolute privilege to statements made in anticipation of judicial proceedings aims to ensure uninhibited access to the judicial system. *Marino v. Fava*, 915 A.2d 121, 124 (Pa. Super. Ct. 2006). The privilege applies even to false or maliciously motivated statements, *id.*, and applies regardless of the cause of action asserted. *See Clodgo v. Bowman*, 601 A.2d 342, 345 (Pa. Super. Ct. 1992).[3] As long as the communication was made in connection with judicial proceedings and was material and relevant to it, the privilege applies and bars tort claims based on the communication. *See id*; *See also Moses v. McWilliams*, 549 A.2d 950, 957 (Pa. Super. Ct. 1988) ("many courts, including those in Pennsylvania, have extended the immunity from civil liability to other alleged torts when they occur in connection with judicial proceedings"); *Greenberg v. McGraw*, 161 A.3d 976 (Pa. Super. Ct. 2017) (barring plaintiff's abuse of process claim because defendant's statement to the Pennsylvania State Board of Medicine was protected by judicial privilege).

The Pennsylvania Superior Court has held that the absolute privilege extends to statements made to police officers with the purpose of having charges brought against the accused. *See Pawlowski*, 588 A.2d at 43. In *Pawlowski*, the plaintiff, an attorney, sued his opposing counsel for wrongful use of civil proceedings and defamation. *See id.* at 39. Following a previous suit, the defendant had told the District Attorney and state police that the plaintiff had perjured himself during a hearing. *See id.* at 38. The court granted the motion to dismiss, concluding that Pennsylvania's judicial privilege applied to statements "made solely to law enforcement officials . . . at least in part for the purpose of convincing the proper authorities to institute criminal proceedings . . . ." *Id.* at 42-43. The court noted the comments to Restatement

---

[3] The privilege originated as a bar to defamation claims. *See Pawlowski*, 588 A. 2d at 41.

(Second) of Torts § 587, which state that "[the privilege] applies to communications made by a client to his attorney . . . *as well as to information given and informal complaints made to a prosecuting attorney or other proper officer preliminary to a proposed criminal prosecution whether or not the information is followed by a formal complaint.*" *Id*. at 42 (emphasis added). The court concluded that applying the absolute judicial privilege to statements made to law enforcement furthers the public policy underlying the privilege: ensuring free and uninhibited access to the judicial system. *See id*.

The Eastern District of Pennsylvania recently applied Pennsylvania's judicial privilege to preclude a libel claim against a woman who filed a stalking complaint with police. *See Jackson v. Trs. of the Univ. of Pa*., No. 17-4645 2019 U.S. Dist. LEXIS 10945 (E.D. Pa. Jan. 23, 2019). In *Jackson*, the plaintiff and defendant met in 2005 and saw each other "casually . . . on a few occasions" in the following years. *Id*. at *2. Following a shared bus ride in 2016, the defendant informed the plaintiff that she believed he had been stalking her for the past two years and that she had made a complaint to the police. *See id*. at *3. The court found that Pennsylvania's judicial privilege applies to statements made to law enforcement officials accusing someone of criminal activity and therefore that the privilege barred the plaintiff's libel claim against the defendant based on her reporting him to police. *See id*. at *18, n. 6.

Here, Grundowski's actions are analogous to those of the defendant in *Jackson*. Grundowski called the police to report what he believed were terroristic threats. Similar to the defendant in *Jackson*, Grundowski's sole action was making a statement to law enforcement accusing someone of criminal activity. Sacks claims that Grundowski's motive for calling the police was false and malicious. *See* Am. Compl. ¶¶ 30-31. However, an individual's motives for making statements are not relevant in deciding whether those statements are privileged. *See*

*Pawlowski*, 588 A.2d at 41; *see also Marino*, 915 A.2d at 124; *Bochetto v. Gibson*, 860 A.2d 67, 71, n.12 (Pa. 2004) (finding that a person who is entitled to absolute immunity is not liable for his communication regardless of his intent). Therefore, Grundowski's statement is absolutely privileged under Pennsylvania law and Sacks cannot prevail on a tort claim based on Grundowski's reporting him to the police. The Court grants Grundowki's motion to dismiss Sacks's state law claims.[4]

V.     **CONCLUSION**

For the reasons discussed above, Defendant Grundowski's motion to dismiss is granted. The Court dismisses Sacks's § 1983 claims without prejudice, and his Pennsylvania state law claims with prejudice. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[4]     Because the Court grants Grundowski's motion to dismiss, it does not consider his motion in the alternative for a more definite statement.